**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| GERIAK, | ) | CASE NO:   1:10-cv-2856 |
| | ) | |
| Plaintiff, | ) | JUDGE LESLEY WELLS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | NANCY A. VECCHIARELLI |
| ARNCO, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | Doc. No. 4 |

This case is before the undersigned United States Magistrate Judge pursuant to referral.  (Doc. No. 7.)  Defendant, ARNCO ("ARNCO"), removed this case to federal court on the grounds of diversity jurisdiction under 28 U.S.C. § 1332.  (Doc. No. 1.) Plaintiff, Thomas Geriak ("Geriak"), has filed a Motion for Remand and Request for Evidentiary Hearing, requesting that this case be remanded to state court because ARNCO's removal allegedly was untimely pursuant to 28 U.S.C. § 1446(b), and seeking costs and attorney's fees pursuant to 28 U.S.C. § 1447(c).  (Doc. No. 4.)  ARNCO opposes Geriak's Motion.  (Doc. No. 5.)  For the reasons set forth below, the Magistrate Judge recommends that Geriak's Motion for Remand and Request for Evidentiary Hearing be GRANTED IN PART and DENIED IN PART.

## I. BACKGROUND

The following facts are not in dispute unless otherwise indicated.  ARNCO has manufactured and sold epoxy and floor coating products since March 2007.  On March 12, 2007, ARNCO entered into an Employment Agreement ("Agreement") with Geriak whereby Geriak became ARNCO's Director of Market Development.  Geriak alleges that he had developed certain product formulas before he was hired by ARNCO, and that his job duties included marketing and selling ARNCO products derived from those formulas.

The Agreement provides that Geriak would work for ARNCO for an initial term commencing March 12, 2007, and ending June 30, 2008.  (Agreement ¶ 2, Compl. Ex. A, Doc. No. 1 Attach. 5.)  Upon completion of the initial term of employment, subsequent one-year terms of employment would commence July 1 and end June 30 of each year.  (Agreement ¶¶ 2, 4, Compl. Ex. A, Doc. No. 1 Attach. 5.)  Paragraph Two of the Agreement provides that either party could terminate the Agreement for any reason, with or without cause, so long as that party provided a thirty-day written notice of the termination.  (Agreement ¶ 2, Compl. Ex. A, Doc. No. 1 Attach. 5.)  Paragraph Ten of the Agreement further provides that ARNCO could terminate the Agreement at any time for cause as defined in Paragraph Ten.  (Agreement ¶ 10, Compl. Ex. A, Doc. No. 1 Attach. 5.)

Geriak earned $65,000.00 a year in salary.  (Agreement ¶ 3, Compl. Ex. A., Doc. No. 1 Attach 4.)  Geriak also was entitled to commissions, which constituted a percentage of gross sales profits received by ARNCO during Geriak's employment "Term" and during the thirty-day period of time after termination of the Agreement.

(Agreement ¶ 4, Compl. Ex. A., Doc. No. 1 Attach 4.)

On May 5, 2010, ARNCO sent Geriak a letter indicating that ARNCO was terminating Geriak from employment "without cause," effective June 4, 2010, pursuant to Paragraph Two of the Agreement.  On May 14, 2010, ARNCO sent Geriak another letter indicating that ARNCO was terminating Geriak from employment "for cause," effective immediately, pursuant to Paragraph Ten of the Agreement.

On August 3, 2010, Geriak filed this cause of action in the Cuyahoga County Court of Common Pleas alleging three counts.  Count One alleges that ARNCO breached its employment contract as follows:  ARNCO reduced Geriak's fixed compensation by 5%; failed to pay commissions in a timely and complete fashion; failed to reimburse expenses in a timely and complete fashion; interfered with Geriak's ability to make sales; failed to provide access to documents necessary to determine gross profit payments; disclosed proprietary and confidential information to Geriak's customers, thus interfering with Geriak's ability to develop, maintain, and increase sales; and improperly terminated Geriak from employment pursuant to Paragraphs Two and Ten of the Agreement.  (Compl. ¶¶ 9, 11, 13, Doc. No. 1 Attach. 4.)  Count Two alleges that ARNCO has been unjustly enriched by profiting from the sale of products for which Geriak was entitled commissions, and by failing to pay Geriak his commissions.  (Compl. ¶¶ 16-18, Doc. No. 1 Attach. 4.)  Count Three seeks injunctive relief.  (Compl. ¶¶ 20-21, Doc. No. 1 Attach. 4.)

Although Geriak seeks monetary damages, he did not plead a specific amount of money damages in his Complaint.  Geriak alleges that he was prohibited from specifying the amount of money damages pursuant to Ohio Rule of Civil Procedure

3

8(A),[1] and that he did not have access to adequate information regarding ARNCO's corporate sales and the cost of ARNCO's goods to determine a specific amount of money damages. As to his Count One breach-of-contract claim, Geriak instead pleaded that he "suffered, and will continue to suffer, economic damages including, but not limited to, loss of salary, loss of his share of gross profits, and loss of benefits." (Compl. ¶ 14, Doc. No. 1 Attach. 4.) As to his Count Two unjust enrichment claim, Geriak pleaded that he "is entitled to compensation for the manufacture and sale of all epoxy and floor coating derived from his formulas for which ARNCO has failed to provide payment," and that he "is entitled to *quantum meruit* compensation from ARNCO for ARNCO's manufacture and sale of epoxy and floor coating products derived from his formulas." (Compl. ¶¶ 17, 18, Doc. No. 1 Attach. 4.) Geriak prayed for all money damages due to him, plus interest, including the value of all of his accrued vacation days, the value of all benefits not already given to him, and the value of future profits from the sale of products derived from formulas that Geriak himself allegedly developed. (Compl. 6-7, Doc. No. 1 Attach 4.)

It appears that ARNCO was served Geriak's Complaint on or around August 21,

---

[1] Ohio Rule of Civil Procedure 8(A) provides, in relevant part, the following:

> If the party seeks more than twenty-five thousand dollars, the party shall so state in the pleading but shall not specify in the demand for judgment the amount of recovery sought, unless the claim is based upon an instrument required to be attached pursuant to Civ. R. 10.

Ohio R. Civ. P. 8(A).

4

2010.² On September 27, 2010 (after obtaining leave from the court to file a late response), ARNCO filed its Answer and a Counterclaim. On October 21, 2010 (two months after receiving Geriak's Complaint), ARNCO served Geriak with Interrogatories that requested Geriak to specify an amount of money damages. On December 8, 2010, ARNCO received Geriak's answers to the Interrogatories, which specified the following money damages:

> All damages alleged [sic] by law for breach of the Employment Agreement including, but not limited to, damages continuing from my last compensation pay of May 14, 2010 to include a salary of $65,000/yr, 20% royalty on GP for all products sold since May 14, 2010 (estimated $30,000/month). Payment for cobra fees, payment for cell phone usage and other agreed expense per the contract. Reimbursement for all shorted moneys from payment of salary not paid out at $65,000/yr. Reimbursement for all shorted moneys from payment of vacation pay not paid out at $65,000/yr. Damage for Arnco denying my Ohio Unemployment compensation at $375/wk. Payment for all my attorney fees applied toward this claim. An accounting of all sales of my products and payment of the commission/royalty at 20% of all sales per the Employment Agreement.

(Answer to Interrog. No. 15, Notice of Removal Ex. 2, Doc. No. 1 Attach. 2.)

On December 17, 2010 (approximately four months after being served with Geriak's Complaint), ARNCO removed this case to federal court on the grounds of

---

² The parties do not clearly indicate the date that ARNCO was served. When Geriak filed his Complaint in the Cuyahoga County Court of Common Please, he requested that the Clerk of Courts serve ARNCO by certified mail. (Compl. 9, Doc. No. 1 Attach. 4.) Geriak alleges that ARNCO was required to remove this case by September 20, 2010. (Pl.'s Mot. Remand 8-9; Pl.'s Reply 3-4.) Furthermore, ARNCO states in its Brief in Opposition that it received service of Geriak's Complaint a little less than three weeks after Geriak filed the Complaint. (Def.'s Br. Opp'n 1.) These allegations appear consistent and suggest that ARNCO was served on or around August 21, 2010.

diversity jurisdiction under 28 U.S.C. § 1332,[3] stating that the parties are diverse and the amount in controversy exceeds $75,000. (Doc. No. 1.) On January 12, 2011, Geriak filed his Motion for Remand and Request for Evidentiary Hearing, claiming that ARNCO's removal was untimely pursuant to 28 U.S.C. § 1446(b). (Doc. No. 4.) On January 21, 2011, ARNCO filed its Brief in Opposition to Geriak's Motion. (Doc. No. 5.) On January 28, 2011, Geriak filed a reply to ARNCO opposition. (Doc. No. 6.)

## II.  LAW & ANALYSIS

### A.  Standard of Review

A defendant may remove state court actions to federal court only if the state court action originally could have been filed in federal court. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987). As a court of limited jurisdiction, a federal district court must proceed cautiously in determining whether it has subject matter jurisdiction. *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1252 (6th Cir.1996). The court must give "due regard" to the power reserved to the states under the Constitution to provide for the determination of controversies in the state courts. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). Accordingly, removal statutes must be construed strictly. *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999).

---

[3] 28 U.S.C. § 1332 states, in relevant part, the following:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States.

28 U.S.C. §1332(a)(1).

The time requirement for removal is a strictly applied rule of procedure, and untimeliness is a ground for remand so long as the timeliness defect has not been waived. *Seaton v. Jabe*, 992 F.2d 79, 81 (6th Cir. 1993) (quoting *N. Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 273 (7th Cir. 1982)). The party removing an action bears the burden of establishing that the notice of removal was filed in a timely manner. *Curry v. Applebee's Int'l, Inc.*, No. 1:09-cv-505, 2009 WL 4975274, at *4 (S.D. Ohio Nov. 17, 2009) (citing *Washington v. Jefferson Twp. Local Sch. Dist. Sch. Bd.*, No. 3:04-cv-336, 2005 WL 2277419, at *1 (S.D. Ohio Sep. 19, 2005) (collecting cases)). "All doubts as to the propriety of removal are resolved in favor of remand." *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir.1999).

### B. Geriak's Motion for Remand

Geriak argues that ARNCO failed to timely file its notice of removal of this case pursuant to 28 U.S.C. § 1446(b) and, therefore, that this case is not properly before the Court. Paragraph one of § 1446(b) provides that notice of removal of a civil action or proceeding generally must be filed within thirty days after the defendant receives, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based. 42 U.S.C. § 1446(b), paragraph one. Sometimes, however, a case may not be removable upon service of the initial pleading. Paragraph two of § 1446(b) provides that, if the case as stated in the initial pleading is not removable, a notice of removal may be filed within thirty days after the defendant receives, through service or otherwise, a copy of an amended pleading, motion, order, or other paper from which it may be first ascertained that the case is one that is or has become removable. 42 U.S.C. § 1446(b), paragraph two.

7

ARNCO does not dispute that it failed to remove this case within thirty days of receiving Geriak's Complaint.  ARNCO contends, however, that removal was not possible at the time it received the Complaint because the Complaint did not adequately specify money damages such that ARNCO could determine whether the $75,000 threshold amount-in-controversy requirement for diversity jurisdiction was met; and that ARNCO's eventual notice of removal was timely under paragraph two of § 1446(b) because ARNCO filed its notice of removal within thirty days of receiving Geriak's answers to ARNCO's Interrogatories, which ARNCO alleges was the first time it was able to determine that the amount in controversy satisfied the requirement for diversity jurisdiction.

For the following reasons, the Court finds that ARNCO's Notice of Removal was untimely.

To establish federal diversity jurisdiction, the parties must be diverse and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332.  When a plaintiff is prohibited from stating a specific amount of damages in his complaint, as may be the case in Ohio, and the defendant seeks removal based on diversity jurisdiction, the defendant must prove by a preponderance of the evidence (*i.e.*, that it is more likely than not) that the plaintiff's claims exceed the threshold amount-in-controversy requirement for diversity jurisdiction. *M.D. v. Advanced Medical Optics, Inc.*, No. 5:09-cv-696, 2009 WL 1314754 (N.D. Ohio 2009) (Adams, J.) (citing *Gafford v. General Elec. Co.*, 997 F.2d 150, 158 (6th Cir.1993), *abrogated on other grounds*, *Hertz Corp. v. Friend*, ___ U.S. ___, 130 S. Ct. 1181, 1191-1192 (2010)).  The amount in controversy should be determined from the perspective of the plaintiff, with a focus on the economic

8

value of the rights that he seeks to protect.  *Curry*, 2009 WL 4975274, at *5 (quoting *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007)).

The time for filing a notice of removal begins to run "from the date that a defendant has solid and unambiguous information that the case is removable," *Burns v. Prudential Sec., Inc.*, 218 F. Supp. 2d 911, 914 (N.D. Ohio 2002) (Carr, J.) (quoting *Holston v. Carolina Freight Carriers Corp.*, 936 F.2d 573 (Table), No. 90-1358, 1991 WL 112809, at *3 (6th Cir. June 26, 1991) (per curiam)), and "a reasonably qualified attorney would or should have known" that removal was possible, *Sanborn Plastics Corp. v. St. Paul Fire and Marine Isn. Co.*, 753 F. Supp. 660, 663-64 (N.D. Ohio 1990) (Krenzler, J.).  A defendant may have solid and unambiguous information that a case is removable "even if that information is solely within its own possession." *Holston*, 1991 WL 112809, at *3.  The question, then, is whether ARNCO had solid and unambiguous information, at the time it received Geriak's Complaint, from which a qualified attorney would or should have known that this case was removable within thirty days of receiving the Complaint.

Sales records and other business documents produced in the regular course of business may constitute the kind of information upon which the amount in controversy may be determined.  *Curry*, 2009 WL 4975274, at *6 (collecting cases).  Here, Geriak alleges that the calculation of damages that he made in his answers to ARNCO's Interrogatories (upon which ARNCO relied to remove this case to federal court) was based on business records that ARNCO had in its possession.  The Agreement indicates, and ARNCO does not dispute, that Geriak earned $65,000 a year in salary.  Moreover, earning statements attached to Geriak's Motion for Remand indicate that

9

Geriak earned an average of $27,485.75 per month in commissions in 2010 before he was terminated. (*See* Pl.'s Mot. Remand Ex. A-E, Doc. No. 4 Attach. 1-5.) Therefore, Geriak contends that ARNCO did not need his answers to the Interrogatories before deciding whether the $75,000 threshold for establishing diversity jurisdiction was likely met (*i.e.*, before deciding that it was possible to remove this case).

ARNCO does not dispute Geriak's allegation that, at the time ARNCO received the Complaint, ARNCO possessed the same business records upon which Geriak based his calculation of damages in his answers to the Interrogatories. Rather, ARNCO contends that the business records do not support the conclusion that ARNCO should have been able to determine that the threshold amount in controversy for diversity jurisdiction was likely met at the time it received the Complaint. For example, ARNCO argues that the earning statements attached to Geriak's Motion for Remand indicate that Geriak received commission payments several months after his termination, which suggests that "Geriak's Complaint, at Arnco's best interpretation, does not seek to challenge his compensation when he was employed by Arnco, but rather the commissions that he was allegedly entitled to after his termination in May 2010." (Def.'s Br. Opp'n 2, n.4.) ARNCO also argues that Geriak's challenge to the propriety of his termination "is not relevant to the issue of removability . . . because the 30 day commission limitation applied even if the Employment Agreement was terminated without cause." (Def.'s Br. Opp'n 2 n.3.)

ARNCO has failed to explain its arguments further. However, it appears that ARNCO is arguing that a reasonable interpretation of the Complaint indicates that Geriak seeks only commission payments due to him after his termination; and that the

10

maximum amount in controversy is thirty-days-worth of commissions pursuant to Geriak's termination without cause under Paragraph Two of the Agreement, which would not be enough to meet the amount-in-controversy requirement for diversity jurisdiction.  This argument is not persuasive because it is belied by the Complaint.  Geriak challenges *both* of his terminations—the one for which he received notice on May 5, 2010, pursuant to Paragraph Two of the Agreement that was without cause, and the one for which he received notice on May 14, 2010, pursuant to Paragraph Ten of the Agreement that was for cause.  (Compl. ¶¶ 11, 13, 14.)  The Complaint also plainly states that Geriak seeks damages for loss of salary, vacation days, benefits, *quantum meruit*, and future profits—some of which is in relation to conduct other than Geriak's terminations.  Therefore, the Complaint clearly indicates that the amount in controversy in this case regards more than just one-month's-worth of commission payments.

ARNCO cites two cases in support of its opposition to remand: *McGraw v. Lyons*, 863 F. Supp. 430 (W.D. Ky. 1994), and *Vaughan v. Dillards*, No. 3:08-cv-441-H, 2008 WL 4820772 (W.D. Ky. Oct. 31, 2008).  In *McGraw*, the court found that the defendant's notice of removal was untimely.  *McGraw*, 863 F. Supp. at 431-32, 435.  The plaintiff's complaint pleaded various tort claims including assault, battery, harassment, and outrageous conduct, and sought compensatory damages, punitive damages, and costs for physical injury, medical expenses, mental suffering, and emotional distress.  *Id.* at 434.  Pursuant to Kentucky's Rules of Civil Procedure, the plaintiff did not specify an actual amount of damages in the complaint.  *Id.* at 432.  The defendant allegedly did not learn the specific amount of damages that the plaintiff sought until after it received the plaintiff's answers to the defendant's interrogatories

11

seventy-one days after the plaintiff filed his complaint.  *Id.*  The defendant filed its notice of removal the next day.  *Id.*  The Court held that the defendant's notice of removal was untimely because, regardless of the merits of the claims, "their nature and the relief demanded should have alerted Defendant that Plaintiff was seeking an amount of damages in excess of the [threshold value] required to attain federal court jurisdiction."[4] *Id.* at 434.  The court explained that the preponderance-of-evidence standard was only a moderate burden, and that the defendants could have shown that the amount in controversy would have been enough to establish diversity jurisdiction if the plaintiff were successful in his claims.  *Id.*

In *Vaughan*, the court found that the defendant's notice of removal was timely.  *Vaughan*, 2008 WL 4820772, at *3.  The plaintiff filed a bare-bones complaint alleging that the defendant was liable for negligence after the plaintiff fell in the defendant's store and "suffered painful bodily injuries."  *Id.* at *1, 3.  Pursuant to Kentucky's Rules of Civil Procedure, the plaintiff did not specify an actual amount of damages.  *Id.* at *1.  The defendant did not learn the specific amount of damages that the plaintiff sought until after it received the plaintiff's answers to the defendant's interrogatories thirty-eight days after the plaintiff filed her complaint.  *Id.*  The defendant filed its notice of removal within thirty days of receiving the plaintiff's answers to the interrogatories.  *Id.*  The court compared the facts before it to those from *McGraw* and observed that, as the case before it was a slip-and-fall case based on a theory of negligence, it was "of lesser

---

[4] At the time *McGraw* was decided, the threshold value of damages required to achieve federal diversity jurisdiction was $50,000.  *See McGraw*, 863 F. Supp. at 434.

12

magnitude than the assault and battery alleged in *McGraw*," which made it more difficult to ascertain whether the amount of damages could be great enough to exceed the amount-in-controversy requirement for diversity jurisdiction. *See id.* at *3. Furthermore, because the complaint in *Vaughan* alleged only that the plaintiff "suffered painful bodily injuries," the court found that "nothing in Defendant's possession before receiving the Answers to Interrogatories indicated the seriousness of any medical condition or the number of days [Plaintiff] missed [from work] or Plaintiff's lost pay." *Id.* Therefore, the court held that the defendant timely filed its notice of removal after it received the plaintiff's answers to the defendants interrogatories, as it was the first time the defendant had adequate information to conclude that removal was possible. *Id.*

*McGraw* and *Vaughan* do not avail ARNCO for two reasons. First, ARNCO fails to explain how the cases support its position. After describing the cases, ARNCO concludes only that, "Based on the allegations of the Complaint—which alleges no specific monetary amount, and the terms of the Employment Agreement (which permits its termination upon 30 days notice by either party and limits commissions to 30 days post termination at the maximum), Arnco did not and should not have reasonably concluded that Geriak was seeking more than $75,000 in damages." (Def.'s Br. Opp'n 3-4.) This conclusion is not supported by the case law, states only the obvious fact that the Complaint does not allege specific monetary damages, and ignores the facts that the Complaint challenges the propriety of *both* of Geriak's terminations as well as delineates other conduct allegedly committed by ARNCO for which Geriak seeks damages.

Second, *McGraw* and *Vaughan* actually support Geriak, not ARNCO. The court

13

in *Vaughan* found that the case before it was not removable at the time the complaint was served because the complaint was bare-bones, and because the defendant did not have any other information in its possession that might have indicated whether the amount in controversy would satisfy the threshold for establishing diversity jurisdiction until it received the plaintiff's answers to the defendants interrogatories. *Vaughan*, 2008 WL 4820772, at *3. Here, Geriak's Complaint is not bare-bones, and ARNCO has not disputed that it possessed business records at the time it received Geriak's Complaint that provided information regarding the value of its sales revenues and the value of Geriak's salary, commissions, and benefits. Regardless of the merits of Geriak's claims, their nature and the relief demanded should have alerted ARNCO that Geriak seeks an amount of damages likely in excess of the threshold value required to attain federal court jurisdiction. *See McGraw*, 863 F. Supp. at 434. Indeed, ARNCO's burden for removal was to show only by a preponderance of the evidence that removal was possible, which would not have been difficult as Geriak's salary and evidence of one month of average commissions, alone, exceed $75,000. Furthermore, any doubts about remand should be resolved in favor of remand. *Coyne ex rel. Ohio*, 183 F.3d at 493. Therefore, the Court concludes that ARNCO could have shown at the time it received Geriak's Complaint that, if Geriak were successful in his claims for breach of contract and unjust enrichment, Geriak's damages would likely exceed $75,000.

The Court understands the plight of defense counsel who may find themselves walking a razor's edge when deciding whether to remove a case based on non-specific claims for damages: if removal is sought promptly, there is a risk that the amount in controversy will turn out to be less than that required for diversity jurisdiction; and if

14

removal is sought after brief discovery, there is a risk that removal will have been waived. *McGraw*, 863 F. Supp. at 433-34. However, even though it might seem intuitively prudent to wait for more specific claims for damages before proceeding to remove a case, the time limitation for removal is construed strictly because such delay could often undermine the underlying purposes of removal: judicial efficiency and comity between the state and federal courts. *Id.* at 433-343.

Because ARNCO failed to timely filed its notice of removal, Geriak's Motion for Remand should be granted.

### C. Costs and Attorney's Fees

Geriak seeks costs and attorney's fees pursuant to 28 U.S.C. § 1447(c). § 1447(c) provides that an order remanding a removed case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal. 28 U.S.C. § 1447(c). A court may award costs and attorney's fees under § 1447(c) only when the removing party lacked an objectively reasonable basis for seeking removal. *Warthman v. Genoa Twp. Bd. of Trustees*, 549 F.3d 1055, 1060 (6th Cir. 2008); *Superior Beverage Group, Ltd. v. The Wine Group, Inc.*, No. 4:10-cv-1971, 2010 WL 3664906, at *4 (N.D. Ohio Sep. 16, 2010) (Lioi, J.) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). Courts have not clearly defined when a party has an "objectively reasonable basis" for seeking removal. However, erroneous removals have been found objectively reasonable under the following circumstances: when a defendant relied on precedent that suggested punitive damages and attorney's fees could be aggregated in class-action lawsuits to satisfy federal diversity jurisdiction, *Martin*, 546 U.S. at 134; when a defendant "reasonably, albeit erroneously, relied on

15

Ohio state law decisions in removing," *Superior Beverage*, 2010 WL 3664906, at *4; and when a defendant's basis for removal was supported by previous cases and was not directly contrary to controlling Sixth Circuit precedent, *Praisler v. Ryder Integrated Logistics, Inc.*, 417 F. Supp. 2d 917, 921 (N.D. Ohio 2006) (Gaughan, J.). An erroneous removal has been found objectively *unreasonable* when the defendant believed that removal was appropriately based on federal question jurisdiction because the complaint referenced the Due Process Clause of the Fourteenth Amendment even though the complaint clearly pleaded only state-law claims. *Wartham*, 549 F.3d at 1046.

Here, Geriak contends that ARNCO's delay in removing this case was not objectively reasonable because ARNCO possessed, at the time it received the Complaint, all the information it needed to determine whether Geriak's damages would likely exceed the $75,000 amount-in-controversy threshold for establishing diversity jurisdiction. ARNCO contends, however, that an award of costs and attorney's fees would be inappropriate here because ARNCO's delay was based on a good faith belief that this case was not removable when ARNCO received the Complaint, but became removable only upon receiving Geriak's answers to ARNCO's Interrogatories. For the reasons set forth below, the Court agrees with ARNCO that an award of costs and attorney's fees would be inappropriate here.

By enacting the 28 U.S.C. § 1446 removal statute, Congress intended to provide defendants with a general right to remove their state-court cases to federal court when appropriate. *Martin*, 546 U.S. at 140. Congress permitted awards of costs and attorney's fees under 28 U.S.C. § 1447(c) to deter defendants from abusing the right of removal. *Id.* Congress did not intend sanctions for those who merely erroneously

16

remove their cases, as "there is no reason to suppose Congress meant to confer a right to remove, while at the same time discourag[e] its exercise in all but obvious cases." *Id.* Here, there is no indication that ARNCO intended to abuse its right of removal by waiting until it obtained Geriak's answers to ARNCO's Interrogatories before pursuing removal. Although ARNCO may have erroneously believed that its delay was necessary and appropriate, it was not objectively unreasonable. Therefore, the Court should deny Geriak's request for costs and attorney's fees.

### D. Geriak's Request for an Evidentiary Hearing

Geriak has requested an evidentiary hearing before the Court, "Should this Court determine additional facts are necessary to determine whether Arnco's attempt to remove this matter was proper." (Pl.'s Mot. Remand 11.) The Court finds that no additional facts are necessary to determine whether ARNCO's removal was proper. Therefore, Geriak's request for an evidentiary hearing should be denied.

### III. CONCLUSION

For the foregoing reasons, the Magistrate Judge recommends that Geriak's Motion for Remand and Request for Evidentiary Hearing be GRANTED IN PART and DENIED IN PART.

s/ *Nancy A. Vecchiarelli*
U.S. Magistrate Judge

Date: March 3, 2011

### OBJECTIONS
**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served**

**with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters,* **638 F.2d 947 (6th Cir. 1981);** *Thomas v. Arn,* **474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).**